UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| RANDY LAMAR HALL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV-15-203-M |
| JOE M. ALLBAUGH,<br>Interim Director,[1] | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner Randy Lamar Hall, appearing through counsel, has petitioned this Court for a writ of habeas corpus, challenging through 28 U.S.C. § 2254 the constitutionality of his criminal conviction by the State of Oklahoma. Respondent filed a Motion to Dismiss for Failure to Exhaust State-Court Remedies (Doc. No. 11) and a Brief in Support (Doc. No. 12). Petitioner responded (Doc. No. 13). United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.

### I. Relevant Case History

On January 17, 2012, following a jury trial in the District Court of Oklahoma County, Oklahoma, Petitioner was convicted of one count of first-degree murder and four counts of shooting with intent to kill. *See* Second Am. Pet., Doc. No. 8 (hereinafter

---

[1] The current Interim Director of the Oklahoma Department of Corrections, Joe M. Allbaugh, is hereby substituted as Respondent. *See* R. 2(a), 12, R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4); *Director's Office*, ODOC, https://www.ok.gov/doc/Organization/Director's_Office/index.html (last visited Feb. 18, 2016).

"Petition" or "Pet."), at 1, 2; *State v. Hall*, No. CF-2010-3773 (Okla. Cnty. Dist. Ct. filed June 9, 2010). On that same date, Petitioner was sentenced to life imprisonment on the first-degree murder count and fourteen years' imprisonment (suspended for all but the first seven years) on each of the counts of shooting with intent to kill. Pet. at 1-2. The latter sentences were ordered to run concurrently with each other but consecutively to the life sentence for first-degree murder. Pet. at 2.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). Pet. at 2; *see Hall v. State*, No. F-2012-47 (Okla. Crim. App. filed Jan. 20, 2012).[2] The OCCA affirmed Petitioner's conviction and sentence on February 26, 2014. Pet. at 2; OCCA Summ. Op. (Doc. No. 12-1) at 1, 7. Other than a motion for sentence reduction that was denied by the trial court and not appealed, Petitioner has not sought postconviction relief in any Oklahoma state court. Pet. at 3-4, 13.

On February 26, 2015, Petitioner filed this federal habeas action. *See* Doc. No. 1. Petitioner's initial pleading has now been superseded by his second amended petition, filed April 10, 2015. *See* Doc. Nos. 1, 6, 7, 8.

II. **Petitioner's Federal Habeas Claims**

In his Petition, Petitioner raises six Grounds for relief, as well as a seventh Ground asserting that the cited errors in Grounds 1 through 6 collectively deprived Petitioner of a fair trial and a reliable verdict. *See* Pet. at 6-13.

---

[2] The dockets for *State v. Hall*, No. CF-2010-3773, District Court of Oklahoma County (filed June 9, 2010), and *Hall v. State*, No. F-2012-47, Oklahoma Court of Criminal Appeals (filed Jan. 20, 2012), are publicly available through http://www.oscn.net.

2

### A. Grounds 1 Through 3

In Ground 1, Petitioner argues that the trial court erred in refusing to give requested jury instructions on lesser-included felony offenses. *See* Pet. at 6-8. In Ground 2, Petitioner asserts that the trial court improperly admitted irrelevant and unfairly prejudicial evidence regarding another shooting in an unrelated incident. *See* Pet. at 8-9. In Ground 3, Petitioner alleges that his right to testify on his own behalf was violated by comments made by the prosecutor to the jury during argument. *See* Pet. at 9.

A federal court cannot grant a state prisoner's habeas petition unless the petition satisfies the procedural prerequisites of 28 U.S.C. § 2254(b), including that the petitioner has exhausted his or her state-court remedies by presenting "the substance" of the claims to that state's highest court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); 28 U.S.C. § 2254(b)(1)(A). To properly exhaust, a petitioner "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim" and giving the State the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). "The state prisoner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citations omitted).

Petitioner alleges that Grounds 1 through 3 were exhausted for purposes of habeas presentation because they were raised on direct appeal to the OCCA. *See* Pet. at 13. The State does not specifically dispute that these Grounds have been exhausted. *See* Resp't's

3

Br. (Doc. No. 12) at 3, 4. Having reviewed each of these Grounds and Petitioner's OCCA appellate brief, the undersigned concludes that the claims underlying each of these Grounds were raised on Petitioner's direct appeal and disposed of by the OCCA. *See* Pet. at 6-9; Pet'r's OCCA Br. (Doc. No. 12-2) at 21-45;[3] OCCA Summ. Op. at 2-6. Accordingly, Petitioner's Grounds 1, 2, and 3 are properly exhausted as required for habeas relief to be granted under 28 U.S.C. § 2254(b)(1)(A). *See Reese*, 541 U.S. at 29.

### B. Grounds 4 Through 6

In Ground 4, Petitioner argues that the trial court erred in admitting an irrelevant and prejudicial photograph of Petitioner pointing two fingers toward the camera. *See* Pet. at 9-10. In Ground 5, Petitioner contends that he was denied his rights to counsel and against self-incrimination when his parents accompanied police to his home to arrest him and his father, an active Oklahoma City police officer, conducted a recorded custodial interrogation of Petitioner. *See* Pet. at 10-11. And in Ground 6, Petitioner alleges that he was precluded from presenting evidence in his own defense when testimony from a witness was improperly excluded as hearsay. *See* Pet. at 12-13.

Petitioner affirmatively alleges that the claims raised in Grounds 4, 5, and 6 "have not been presented to the highest state court." Pet. at 14. The Petition alleges that Petitioner intends, through counsel, to raise these Grounds in a state postconviction action but "has not had sufficient time to seek this remedy." Pet. at 14. Petitioner asserts that "[c]ounsel at the direct appeal level apparently did not determine that [these Grounds] were meritorious." Pet. at 14.

---
[3] References to documents filed in this Court use the CM/ECF pagination.

Review of Petitioner's appellate brief confirms that these claims were not presented to the OCCA on direct appeal or at any other time. *See* Pet'r's OCCA Br. at 21-46. Nor did the OCCA sua sponte reach these claims in disposing of Petitioner's direct appeal. *See* OCCA Summ. Op. at 2-7. *See generally Alverson v. Workman*, 595 F.3d 1143, 1153 n.3 (10th Cir. 2010) (agreeing with other circuits that "a state appellate court's sua sponte consideration of an issue" "satisfies § 2254's exhaustion requirement").

Because Grounds 4, 5, and 6 of the Petition have not been presented to the highest state court for review, or considered by that court, Petitioner has not "exhausted the remedies available in the courts of the State" as to those Grounds. 28 U.S.C. § 2254(b)(1)(A). Respondent specifically has not waived the exhaustion requirement as to these claims, as discussed further below. *See* Resp't's Br. at 3, 4, 5.

*C. Ground 7*

As Ground 7, Petitioner asserts: "The confluence of errors during the trial deprived [Petitioner] of a fair trial and reliable verdict. Considered collectively, the errors were not harmless." Pet. at 13. On direct appeal, Petitioner did raise a cumulative-error argument—but such argument relied upon the alleged errors of those propositions that were raised to the OCCA for appellate relief (i.e., the claims comprising Grounds 1, 2, and 3). *See* Pet'r's OCCA Br. at 46. The OCCA denied relief on this claim. *See* OCCA Summ. Op. at 6-7. Petitioner's cumulative-error argument on direct appeal did not rely upon the alleged errors now presented in Grounds 4, 5, and 6, and the OCCA did

not sua sponte incorporate any such errors into its cumulative-error analysis. *See* Pet'r's OCCA Br. at 46; Pet. at 9-13; OCCA Summ. Op. at 6-7.

Petitioner's Ground 7 therefore is exhausted to the extent he alleges cumulative error based upon Grounds 1, 2, and 3 ("OCCA Ground 7"), as those claimed errors were "fairly presented" to the OCCA. Ground 7 has not been presented to the state courts and is not exhausted, however, to the extent the Petition's allegation of cumulative error relies upon Grounds 4, 5, and 6 ("Habeas Ground 7"). *See* 28 U.S.C. § 2254(b)(1)(A); *Reese*, 541 U.S. at 29.

### III. Respondent's Motion to Dismiss

Because Petitioner failed to exhaust his state-court remedies as to each habeas claim prior to initiating this 28 U.S.C. § 2254 action, his Petition is "mixed"—i.e., the pleading presents this Court with both exhausted and unexhausted claims for relief. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005). Respondent asserts because of its mixed nature, the Petition should be dismissed in its entirety. Resp't's Br. at 6-7 (citing *Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009)). The undersigned disagrees for the reasons stated below.

*A. Whether Petitioner's Failure to Exhaust Should Be Excused*

Pursuant to 28 U.S.C. § 2254, relief may be granted on a federal habeas claim, despite the petitioner's failure to exhaust that claim, if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of" the petitioner. 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Petitioner objects that dismissal of his unexhausted habeas claims is inappropriate, and that these claims

should be decided on their merits, because "the available corrective process in the state of Oklahoma [is] ineffective to protect the Petitioner's Constitutional interests." Pet'r's Resp. (Doc. No. 13) at 3-4.

Petitioner maintains that no relief would result if he were to assert Ground 4, 5, and 6 in Oklahoma's courts. First, because Petitioner has never presented his unexhausted claims to the state courts, his only means of state redress for those claims is through submission of an application for postconviction relief in the state trial court, with appeal to the OCCA. *See* Pet'r's Resp. at 4; Resp't's Br. at 5; Okla. Stat. tit. 22, § 1080 ("Excluding a timely appeal, [the Oklahoma Post-Conviction Procedure Act] encompasses and replaces all common law and statutory methods of challenging a conviction or sentence."). Petitioner argues, however, that the Oklahoma postconviction procedure "is not a viable avenue for relief" as to Grounds 4, 5, and 6 "because these are claims that could have been brought in the Petitioner's direct appeal." Pet'r's Resp. at 4; *see* Okla. Stat. tit. 22, § 1086 (prescribing that "[a]ny ground" "knowingly, voluntarily and intelligently waived" "in any other proceeding the application has taken to secure relief" may not be the basis for a postconviction application); *Carter v. State*, 936 P.2d 342, 344 (Okla. Crim. App. 1997) (noting that postconviction relief in Oklahoma is limited to only those claims that "could not have been raised on direct appeal" and that the OCCA "will not consider" any claim that "could have been raised on direct appeal but was not" and thus "has been waived"); *Anderson v. Sirmons*, 476 F.3d 1131, 1141 n.9 (10th Cir. 2007) ("Oklahoma's procedural rules bar post-conviction relief of any claims that were not raised on direct appeal, *see* Okla. Stat. Ann. tit. 22, § 1086 . . . .").

Petitioner contends that Oklahoma's waiver rule, coupled with the requirement that a postconviction applicant certify that his or her claims are "warranted by existing law" or "by a nonfrivolous argument" regarding existing law or new law, demonstrates "that seeking state corrective process for the Constitutional violations asserted as [Grounds 4 through 6] would not be effective." Pet'r's Resp. at 5-6; Okla. Stat. tit. 22, § 1088.1(A). From this, Petitioner argues that his inevitable failure at any attempt at postconviction relief, based upon the Oklahoma courts' presumed application of their procedural waiver rule, renders the State's corrective process either absent or ineffective to protect his interests under § 2254(b)(1)(B) and therefore his failure to exhaust should be excused by this Court. *See* Pet'r's Resp. at 3-6.

"Exhaustion is not required if an attempt to exhaust would be futile." *James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000); *accord Coleman v. Thompson*, 501 U.S. 722, 732 (1991)), *modified on other grounds by Martinez v. Ryan*, 132 S. Ct. 1309 (2012). However, as has been noted by a fellow district court, it is not clearly futile for someone in Petitioner's position—i.e., with a mixed petition containing unappealed claims and no prior postconviction relief attempt—to return to the Oklahoma courts:

> To satisfy the exhaustion requirement in this case, Petitioner would be required to file an application for post-conviction relief in Tulsa County District Court and to appeal any adverse ruling to the OCCA. Pursuant to Okla. Stat. tit. 22, § 1086, the state courts routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on direct appeal. Petitioner asserts that it would be futile to require him to return to state court to exhaust his new ground of error because the state courts would undoubtedly impose a procedural bar on the claim. The Court, however, disagrees. Although under Oklahoma law a prisoner may not raise an issue omitted from his direct appeal in an application for post-conviction relief, there are exceptions to this rule. *See*

> *Jones v. State*, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). Specifically, prisoners may raise issues not asserted on direct appeal if "sufficient reason" prevented the assertion of the error, or if the defendant bypassed direct appeal because of a procedural error of counsel. *Id.*; *see also* Okla. Stat. tit. 22, § 1086; *Pickens v. State*, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996) (stating that for ineffective assistance of counsel claims raised for the first time in post-conviction proceedings, the court will "review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as that need arises"); *Paxton v. State*, 910 P.2d 1059, 1061-62 (Okla. Crim. App. 1996) (noting exceptions to the rule that ineffective assistance claims not raised on direct appeal may be waived). Because there is a possibility that the state court may allow review of Petitioner's claim under one of these exceptions, there remains an available state avenue of redress, and Petitioner must exhaust that remedy before proceeding with his new ground of error in federal court. *See* 28 U.S.C. § 2254(c). Furthermore, there is no statute of limitations applicable to non-capital applications for post-conviction relief, and thus in Oklahoma "an application for post-conviction relief in a non-capital case is always deemed to be timely filed." *Moore v. Gibson*, 27 P.3d 483, 484 n.1 (Okla. Crim. App. 2001). Accordingly, Petitioner faces no statute of limitations issue if he returns to state court to exhaust the new ground of error.

*Brown v. Jones*, No. 08-CV-648, 2009 WL 2392968, at *3 (N.D. Okla. July 31, 2009) (citation omitted) (citing *Braggs v. Att'y Gen. of Okla.*, No. 98-6156, 1998 WL 864070, at *2 (10th Cir. Dec. 14, 1998) (finding a failure to exhaust claims that were omitted from the petitioner's direct appeal and noting that "Oklahoma courts have recognized certain exceptions to the procedural bar rule"); *Garza v. Gibson*, No. 99-7036, 1999 WL 1054679, at *2 (10th Cir. Nov. 22, 1999) ("Oklahoma courts have long recognized certain exceptions to this procedural bar and allowed defendants to raise issues not asserted on direct appeal if 'sufficient reason' prevented assertion of the error or if defendant passed direct appeal because of a procedural error of counsel.")).

The undersigned finds this rationale persuasive and concludes that Petitioner has not established that his lack of exhaustion should be excused. Petitioner presumes that the state courts will find his claims to be waived but fails to show that such a finding is an unalterable conclusion. His forecast, even if likely to be accurate, does not equate to an actual finding of waiver by the OCCA. *See Brown*, 2009 WL 2392968, at *3; *see, e.g.*, *Kenebrew v. Martin*, No. CIV-14-654-D, 2014 WL 5325049, at *2-3 (W.D. Okla. Aug. 26, 2014) (R. & R.) (rejecting petitioner's futility-anticipatory procedural bar argument where the petitioner "has not sought post-conviction relief," "the OCCA has not found that the presentation of any claims asserted in a post-conviction application would be barred by the court's procedural rules," and the petitioner has not "been found to have defaulted the opportunity to seek post-conviction relief"), *adopted*, 2014 WL 5325050 (W.D. Okla. Oct. 17, 2014); *cf. Anderson*, 476 F.3d at 1137-39 (concluding that petitioner "was not required to undertake a meaningless and utterly futile act to properly exhaust his state court remedies" where the OCCA had definitively ruled in that petitioner's case that it would not review a successive application for postconviction relief, so "further proceedings in state court would most assuredly have been futile").

Because Petitioner has not yet sought postconviction relief on his unexhausted claims, and "there is a possibility that the state court may allow review of [Petitioner's] claims" under one of the exceptions noted above, Petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(c); *Braggs*, 1998 WL 864070, at *2. Petitioner has not demonstrated futility or an absence of available or effective state corrective process under 28 U.S.C. § 2254(b)(1)(B)(i) and

(ii), and his failure to exhaust Grounds 4, 5, and 6, and also Habeas Ground 7, prior to filing this federal habeas action should not be excused.

   B. *Stay and Abeyance*

A federal district court faced with a mixed habeas petition has several options, including to stay the federal-court proceedings and hold the habeas petition in abeyance for a reasonable time while the petitioner returns to state court to exhaust his or her unexhausted claims. *Rhines*, 544 U.S. at 275-78. Stay and abeyance is "available only in limited circumstances," where the petitioner who filed a mixed habeas petition in federal court shows "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277, 278. The petitioner bears the burden of proving that a stay is appropriate in his or her case. *See id.*

Here, as noted by Respondent, Petitioner has never returned to state court to attempt to seek relief on the claims raised in Grounds 4, 5, 6, or Habeas Ground 7, through the Oklahoma postconviction process. *See* Resp't's Br. at 6; *State v. Hall*, No. CF-2010-3773 (Okla. Cnty. Dist. Ct.) (docket entries since Feb. 26, 2014). In his Response to the Motion to Dismiss, Petitioner specifically acknowledges the mixed nature of the Petition and states:

> [Grounds 4 through 6] were included in the Petition, and Petitioner's counsel, with consent of the Petitioner, intended to file the post-conviction application along with a request for "stay and abeyance" during the pendency of the federal action, which would allow the claims to be addressed at the state level and to avoid issues of exhaustion.

11

> It has now been concluded that the newly discovered issues [that] Petitioner intends to raise at the state level will require a great deal of time as well as the employ of licensed private investigators. [Petitioner], having been informed of the limitation placed upon state post-conviction proceedings in regards to issues that could have been raised in direct appeal, has stated his desire not to file an application that is limited to issues that have been waived by not presenting them on direct appeal. It is therefore highly unlikely that the newly discovered issues can be developed and raised during the pendency of this habeas proceeding.
>
> Petitioner acknowledges that the issues raised in the Petition as grounds [4, 5, and 6] are not "newly discovered" and could have been raised on direct appeal.

Pet'r's Resp. at 2-3 & n.1; *see also id.* at 7 ("Petitioner does not seek a stay and abeyance.").

Stay and abeyance therefore is not appropriate in this case because Petitioner has acknowledged that his unexhausted claims "could have been raised on direct appeal" and has offered no "good cause" for his failure to exhaust. *See* Pet'r's Resp. at 2 n.1; *Rhines*, 544 U.S. at 278. Further, Petitioner has disclaimed any intention or desire to present these claims to the state court within "reasonable time limits." *See* Pet'r's Resp. at 2-3; *Rhines*, 544 U.S. at 278. These proceedings therefore should not be stayed because Petitioner has not returned, and does not intend to return, to state court to attempt exhaustion of Grounds 4, 5, 6, and Habeas Ground 7.

C. *Dismissal or Deletion*

As noted above, Respondent seeks dismissal of the Petition in its entirety due to its inclusion of unexhausted claims. It is unclear whether dismissal of a mixed petition in its entirety, against the wishes of the petitioner and solely on the basis that the pleading contains both exhausted and unexhausted claims, remains an appropriate option. The

12

Supreme Court expressly recognized the problems and risks of this practice in *Rhines*. *See Rhines*, 544 U.S. at 274-75, 278. Although Respondent cites the Tenth Circuit's decision in *Fairchild* as support for dismissal, the Tenth Circuit in that case was discussing the appellate court's possible directives on remand when the district court already has improperly addressed an unexhausted claim on the merits, rather than the district court's options when facing a mixed petition in the first instance. *See Fairchild*, 579 F.3d at 1156. Further, the Sixth Circuit decision quoted in *Fairchild* for this proposition was describing the mixed-petition options it has exercised "in the past" and relying upon a portion of *Rhines* that was likewise describing federal courts' options prior to the 1996 enactment of a one-year statute of limitations for federal habeas petitioners. *See id.* (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing *Rhines*, 544 U.S. at 274)); 28 U.S.C. § 2244(d)(1).

Even assuming that total dismissal is appropriate under some circumstances, dismissal of the entire Petition in the instant case would not be appropriate. First, Petitioner has specifically requested that he be permitted to take the approach favorably discussed in *Rhines* and delete his unexhausted claims. *See* Pet'r's Resp. at 3, 6-7. Second, the record reflects that Petitioner's one-year statute of limitations to file this habeas action began to run in May 2014, ninety days after Petitioner was denied relief on his direct appeal by the OCCA, and expired in May 2015, after this habeas action was filed. *See* Pet. at 2 (alleging that the OCCA disposed of Petitioner's direct appeal on February 26, 2014); 28 U.S.C. 2244(d)(1)(A); *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012); Sup. Ct. R. 13.1; Doc. No. 1 (Petitioner's initial § 2254 petition filed on

February 26, 2015); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) and therefore the filing of such a petition does not toll the § 2244(d)(1) one-year limitation period). These circumstances—in which "dismissal of the entire petition would unreasonably impair [Petitioner's] right to obtain federal relief" due to the now-expired § 2244(d)(1) one-year statute of limitations barring any future federal habeas attempt—support "allow[ing] [Petitioner] to delete [his] unexhausted claims" "and to proceed with the exhausted claims." *Rhines*, 544 U.S. at 278; *see, e.g.*, *Redmon v. Wiley*, 349 F. App'x 251, 254-55 (10th Cir. 2009).

### D. Conclusion

Because the Petition contains both exhausted and unexhausted claims, but stay and abeyance is not appropriate and dismissal of the Petition would "unreasonably impair" Petitioner's right to obtain federal habeas relief, Petitioner should be permitted to delete his unexhausted claims without prejudice and proceed with his exhausted claims. *See Rhines*, 544 U.S. at 278.

### RECOMMENDATION

As detailed above, it is recommended that Respondent's Motion to Dismiss for Failure to Exhaust State-Court Remedies (Doc. No. 11) be DENIED. Petitioner's request to delete his unexhausted habeas claims (Grounds 4, 5, 6, and Habeas Ground 7) should be granted, and Respondent should be directed to file an answer, motion, or other response to the remaining habeas claims (Grounds 1, 2, 3, and OCCA Ground 7) in the

Second Amended Petition (Doc. No. 8). *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 3, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 18th day of February, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE